IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PLASTIC SURGERY ASSOCIATES, S.C., a Wisconsin corporation, INFINITY SPA ORLANDO, LLC, a Florida corporation, GREEN CHRYSALIS ENTERPRISE, LLC d/b/a THE FACE PLACE, a Texas corporation, RENEW SKIN & LASER CENTERS, LLC d/b/a DERMACARE OF HAMPTON ROADS, a Virginia corporation, ARIZONA ADVANCED AESTHETICS, PLLC d/b/a ENHANCED IMAGE MED SPA, an Arizona corporation, ADVANCED HEALTH WEIGHT LOSS, S.C. d/b/a OPTIONS MEDICAL WEIGHT LOSS, an Illinois corporation, *on behalf of themselves and all others similarly situated*, | Case No. 17-cv-11850 (cons.)  Hon. Denise J. Casper |
| Plaintiffs, | |
| v. | |
| CYNOSURE, INC., a Delaware corporation, | |
| Defendant. | |

**PLAINTIFFS' MOTION PURSUANT TO RULES 59(e) AND 60(b) OF THE FED. R. CIV. P. TO MODIFY THE COURT'S ENTRY OF SUMMARY JUDGMENT**

## TABLE OF CONTENTS

Page

I.      INTRODUCTION ................................................................................................................ 1

II.     BACKGROUND ................................................................................................................. 3

II.     ARGUMENT ...................................................................................................................... 5

      A.      District courts have "considerable discretion" to amend their
judgments under Rules 59(e) or 60(b). ................................................................. 5

      B.      Modifying or clarifying that the Court's entry of summary judgment
was without prejudice would align with this Circuit's preference of
resolving cases on the merits and would not result in meaningful
prejudice to Cynosure. .......................................................................................... 6

III.    CONCLUSION ................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Darling's v. Nissan N. Am., Inc.,*
117 F. Supp. 2d 54 (D. Me. 2000) ........................................................................ 6

*Farm Credit Bank of Baltimore v. Ferrera-Goitia,*
316 F.3d 62 (1st Cir. 2003) ................................................................................ 6

*Hamilton v. Partners Healthcare Sys., Inc.,*
879 F.3d 407 (1st Cir. 2018) .............................................................................. 7

*Hooper-Haas v. Ziegler Holdings, LLC,*
690 F.3d 34 (1st Cir. 2012) ................................................................................ 7

*Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.,*
932 F. Supp. 761 (E.D. Va. 1996) ....................................................................... 6

*Landmark Am. Ins. Co. v. Moulton Properties, Inc.,*
2009 WL 4348833 (N.D. Fla. Nov. 24, 2009) ...................................................... 6

*Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co.,*
953 F.2d 17 (1st Cir. 1992) ................................................................................ 7

*Venegas-Hernandez v. Sonolux Records,*
370 F.3d 183 (1st Cir. 2004) .............................................................................. 5

*Williams v. Poulos,*
11 F.3d 271 (1st Cir.1993) ................................................................................. 5

## OTHER AUTHORITIES

Fed. R. Civ. P. 60(b)(1)-(6) ...................................................................................... 6

010674-11/1185567 V3

Plaintiffs asserted causes of action solely under Massachusetts law for one reason: defendant's own choice-of-law provision provided for the application of Massachusetts law. After defendant filed its summary judgment motion seeking dismissal of those claims on the grounds that Massachusetts law didn't apply, plaintiffs stated in open court and in briefing that, if the Court granted defendant's motion, they would seek leave to amend, adding causes of action under the respective state laws of each plaintiff. Ultimately, the Court held that defendant's choice-of-law provision didn't apply to plaintiffs' consumer protection claims. But the Court's summary judgment order never reached nor touched upon the overall merits of the allegations. In light of that order, many will now seek to proceed individually against Cynosure in an amended consolidated complaint. And Rules 59(e) and 60(b) grant this Court "considerable discretion" to modify its order to be one for dismissal without prejudice to allow the plaintiffs here to proceed on that complaint. Where there would be no prejudice to defendant, plaintiffs relied on defendant's own choice-of-law provision in asserting causes of action under Massachusetts law, and defendant has had notice of plaintiffs' intention to seek leave to amend, wouldn't it be just to modify or clarify the Court's order to ensure that plaintiffs may file a motion for leave to amend their complaint to add causes of action under their respective state laws?

## I.   INTRODUCTION

As indicated in the parties' joint submission filed August 26, 2019,[1] because of the Court's summary judgment ruling, plaintiffs wish to file a single consolidated amended complaint. The

---

[1] Parties' Proposals in Response to the Court's August 9, 2019 Order, *Plastic Surgery Associates, S.C., et al. v. Cynosure, Inc.*, No. 17-cv-11850-DJC (D. Mass.), Dkt No. 133, at 1-2. In that same filing, plaintiffs also indicated that they intended to file the instant motion, but requested guidance from the Court as to whether they should file this motion or address these issues in a motion for leave to amend. *See id.* at 2 n.4. Given the 28-day deadline in Rule 59(e), out of an abundance of caution, plaintiffs decided to file this motion to protect their position. Should the

proposed amended complaint will include new plaintiffs who wish to proceed individually now that the Court has denied plaintiffs' class certification motion. Subject to the Court's approval, it likely will also include most (but not all) of the 40 litigants who filed individual claims in the related *WBM*[2] and *Ederra*[3] actions.

Plaintiffs Plastic Surgery Associates, Dermacare, Advanced Image Med Spa, The Face Place, and Options Medical Weight Loss (collectively, the *Plastic Surgery Associates* plaintiffs, or plaintiffs)[4] wish to be included on such a complaint. But the Court's summary judgment order, which didn't adjudicate the merits of plaintiffs' claims, was silent as to whether these plaintiffs could seek leave to refile claims under their home states' laws and Cynosure is likely to argue that they cannot seek leave to file a new complaint. Therefore, the *Plastic Surgery Associates* plaintiffs respectfully request that this Court amend its judgment to be without prejudice to plaintiffs joining in any motion for leave to file an amended complaint under each plaintiff's home state laws. Such relief is warranted for a number of reasons.

First, plaintiffs filed their claims under Massachusetts law only because of the defendant's choice-of-law provision in the purchase agreement requiring that disputes concerning the contract be brought under Massachusetts law. And while the Court's summary judgment ruling foreclosed

---

Court decide it would like to address these issues in a motion for leave to amend, plaintiffs would withdraw this motion without prejudice and address the issues in their motion for leave to amend.

[2] *WBM Medical Associates, LLC, et al. v. Cynosure, Inc.*, No. 18-cv-11269 (D. Mass.).

[3] *Ederra Plastic Surgery, P.C., et al. v. Cynosure, Inc.*, No. 19-cv-10164 (D. Mass.).

[4] Infinity Spa Orlando, LLC, one of the plaintiffs in this case, dismissed its claims without prejudice per Fed. R. Civ. P. 41(a)(1)(A)(ii) on April 3, 2018, and thereby was not subject to the Court's summary judgment order. *See Vita 4 Life, Inc. v. Cynosure, Inc.*, No. 17-cv-11435 (D. Mass.), Dkt. No. 74.

plaintiffs' ability to bring Massachusetts claims, it didn't address or even touch upon the merits of plaintiffs' allegations. And the merits of plaintiffs' claims remain strong.

Further, permitting these plaintiffs to file for leave to amend would result in no real prejudice to Cynosure and wouldn't hinder the advancement of the overall litigation. Irrespective of the disposition of these plaintiffs, Cynosure will continue to have to defend a large number of individual cases, most of which are in their beginning stages or haven't even been filed yet. Also, the vast majority of discovery completed for the *Plastic Surgery Associates* plaintiffs has been taken already and won't need to be repeated. So, denying these plaintiffs' ability to bring state law claims *will not* advance this case towards trial. But it will be severely prejudicial to these plaintiffs.

Finally, this case presents unique circumstances. The *Plastic Surgery Associates* plaintiffs volunteered to serve as class representatives, devoting substantial time and resources in litigating the case in the hopes of certifying a class action that would benefit other absent class members. A class not having been certified, these plaintiffs now risk losing their individual claims, while the absent class members they represented may move forward with individual lawsuits. It would be particularly unjust to deny the *Plastic Surgery Associates* plaintiffs the ability to join the consolidated individual litigation for whose path they paved.

## II.   BACKGROUND

The *Plastic Surgery Associates* plaintiffs filed this action on September 27, 2017. In their complaint, the plaintiffs sought to be the class representatives of a class of small businesses who were deceived by Cynosure during the sale of its non-invasive body contouring device, SculpSure.

Because the SculpSure purchase agreement selected Massachusetts as both the forum court and the governing law,[5] each plaintiff brought claims under Massachusetts General Laws, Chapter 93A, § 11. Cynosure did not file a motion to dismiss the complaint, admitting instead that the plaintiffs' complaint had plausibly alleged their causes of action under Massachusetts law.[6] Upon the close of discovery, however, Cynosure filed a motion for summary judgment arguing, among other things, that because the alleged deceptive acts did not occur primarily and substantially in Massachusetts, plaintiffs could not bring claims under Chapter 93A.[7]

Immediately after the filing of defendant's summary judgment motion, during a February 21, 2019 status conference, plaintiffs' counsel stated that if the Court granted Cynosure's summary judgment motion, plaintiffs would seek to refile under their home states' laws. Plaintiffs reiterated this position in their opposition to Cynosure's motion for summary judgment.[8] Cynosure's counsel did not object (at least in any discernable way) to plaintiffs' stated intentions to add their home state causes of action.

---

[5] Specifically, the purchase agreement provided that "[the] Agreement shall be governed by and construed under the substantive laws of the Commonwealth of Massachusetts." Memorandum and Order, *Plastic Surgery Associates, S.C., et al. v. Cynosure, Inc.*, No. 17-cv-11850-DJC (D. Mass.), Dkt. No. 131, at 7.

[6] Joint Rule 16(b) and 26(f) Report, *Vita 4 Life, Inc. v. Cynosure, Inc.*, No. 17-cv-11435 (D. Mass.), Dkt. No. 32, at 3-4. Had Cynosure provided any indication that its choice-of-law provision didn't cover the claims that plaintiffs brought, plaintiffs would have immediately moved to amend to add state law claims from those states represented by plaintiffs.

[7] *See generally* Defendant Cynosure's Motion for Summary Judgment, *Plastic Surgery Associates, S.C., et al. v. Cynosure, Inc.*, No. 17-cv-11850-DJC (D. Mass.), Dkt. No. 55.

[8] *See* Plaintiffs' Response in Opposition to Defendant Cynosure's Motion for Summary Judgment, *Plastic Surgery Associates, S.C., et al. v. Cynosure, Inc.*, No. 17-cv-11850-DJC (D. Mass.), Dkt. No. 80, at 20 ("*Some* state's consumer protection statute will apply—and, if this Court finds that state is not Massachusetts, Plaintiffs will seek leave to proceed under their home state's law.") (emphasis in original).

On August 7, 2019, this Court granted defendant's summary judgment motion, ruling that the choice-of-law provision contained in the purchase agreement didn't apply to the consumer protection claims that plaintiffs brought. It also held that the alleged deceptive acts did not primarily and substantially occur in Massachusetts, and therefore plaintiffs could not bring claims under Chapter 93A. But the Court's decision remained completely silent as to whether it would dismiss plaintiffs' complaint without prejudice to them refiling claims under their home states' laws. Accordingly, plaintiffs move this Court to modify its order to clarify that dismissal of plaintiffs' complaint was without prejudice to them seeking leave to amend their complaint in order to refile claims under their respective home states' laws.

## II.   ARGUMENT

### A.   District courts have "considerable discretion" to amend their judgments under Rules 59(e) or 60(b).

Plaintiffs move under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure in asking the Court to amend its judgment. As for Rule 59(e), the rule "itself does not state the grounds on which relief under the rule may be granted, and the district courts have considerable discretion in deciding whether to grant or deny a motion to alter or amend under Rule 59(e)."[9] That discretion simply "requires a balancing of the need for finality of judgments with the need to render a just decision."[10] "[A]bsent abuse," that discretion "must be respected."[11]

---

[9] *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 190 (1st Cir. 2004) (*citing Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993); *Robinson v. Watts Detective Agency*, 685 F.2d 729, 743 (1st Cir. 1982); 11 Wright, Miller & Kane, Federal Practice and Procedure, § 2810.1 (West 1995)).

[10] *Id.* (citing *Edward H. Bohlin Co.*, 6 F.3d at 355).

[11] *Williams v. Poulos*, 11 F.3d 271, 289 (1st Cir.1993).

District courts likewise "enjoy considerable discretion in resolving motions brought under Rule 60(b) of the Federal Rules of Civil Procedure."[12] Rule 60(b) allows the Court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for a number of delineated reasons, or "any other reason that justifies relief."[13] The rule "seeks to balance the importance of finality against the desirability of resolving disputes on the merits."[14]

**B.    Modifying or clarifying that the Court's entry of summary judgment was without prejudice would align with this Circuit's preference of resolving cases on the merits and would not result in meaningful prejudice to Cynosure.**

Plaintiffs aren't asking the Court to reconsider the granting of Cynosure's motion for summary judgment. Plaintiffs simply ask this Court to exercise its wide discretion and amend its summary judgment order to clearly denote that it is dismissing their complaint without prejudice to refiling their claims under their home states' laws.

A district court may in its discretion dismiss a complaint without prejudice to refiling in granting a summary judgment motion.[15] And a district court may modify its prior order to reflect the same.[16] Several reasons warrant the Court doing so there.

---

[12] *Farm Credit Bank of Baltimore v. Ferrera-Goitia*, 316 F.3d 62, 65 (1st Cir. 2003).

[13] Fed. R. Civ. P. 60(b)(1)-(6).

[14] *Farm Credit Bank of Baltimore*, 316 F.3d at 66.

[15] *See, e.g., Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 932 F. Supp. 761, 764 (E.D. Va. 1996) (granting summary judgment motion "does not mandate that . . . dismissal be with prejudice"); *Darling's v. Nissan N. Am., Inc.*, 117 F. Supp. 2d 54, 61 (D. Me. 2000) (entering summary judgment but dismissing complaint without prejudice because decision was not on the merits); *Landmark Am. Ins. Co. v. Moulton Properties, Inc.*, 2009 WL 4348833, at *1 (N.D. Fla. Nov. 24, 2009) ("Because the Court did not address these claims on the merits [in granting summary judgment], their dismissal is appropriately deemed without prejudice.").

[16] *See, e.g., Int'l Longshoremen's Ass'n*, 932 F. Supp. at 764 (amending court's entry of summary judgment to "reflect the court's determination that Brown's dismissal is without prejudice"); *Landmark Am. Ins. Co.*, 2009 WL 4348833, at *2 (granting motion to amend summary judgment order to "clarif[y] that dismissal of [plaintiffs'] claim of breach of contract was without prejudice").

First, the Court's summary judgment order did not resolve nor even consider the strength of the allegations or evidence in this case. To the contrary, the Court considered just the applicability of Massachusetts's consumer protection statute under choice-of-law standards and authority governing contract interpretation. And while plaintiffs don't challenge the Court's conclusions, under the current facts, a dismissal with prejudice would render this Circuit's policy to resolve cases *on the merits* a nullity.[17] And, the merits of the case remain strong.

Indeed, the evidence produced in discovery has affirmatively corroborated plaintiffs' allegations. Cynosure's own employees acknowledged sales representatives having set "false expectations" regarding: (1) the required number of treatments with SculpSure; (2) the pain levels associated with the procedure; and (3) the ability of the operator to leave the room while administering SculpSure.[18] So while proving such misrepresentations on a class-wide basis may no longer be possible, it nonetheless remains apparent that such deception in fact occurred on a widespread basis, and precisely as alleged by plaintiffs. They should be allowed to prove the existence and extent of their individual deception under the appropriate state laws.[19]

---

[17] *See, e.g.*, *Hooper-Haas v. Ziegler Holdings, LLC*, 690 F.3d 34, 38 (1st Cir. 2012) (noting "the desirability of resolving cases on the merits"); *Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co.*, 953 F.2d 17, 19 (1st Cir. 1992) ("[Rule 60(b)] must be construed so as to recognize the desirability of deciding disputes on their merits"); *see also Hamilton v. Partners Healthcare Sys., Inc.*, 879 F.3d 407, 420 n.19 (1st Cir. 2018) (Thompson, J., dissenting) (collecting cases and explaining that leave to amend should be liberally granted—sometimes even after trial—because of the First Circuit's preference to have disputes resolved on the merits).

[18] *See* Memorandum and Order, *Plastic Surgery Associates, S.C., et al. v. Cynosure, Inc.*, No. 17-cv-11850-DJC (D. Mass.), Dkt. No. 131, at 6.

[19] *See Superline Transp. Co.*, 953 F.2d at 20 (noting that an important consideration in granting a motion to amend the judgment is whether the movant possesses otherwise meritorious claims).

Moreover, any prejudice to Cynosure is minimal. Cynosure may no longer face a class action, but it still must defend a large number[20] of individual cases regardless of whether these five plaintiffs proceed or not. Consequently, the presence of the *Plastic Surgery Associates* plaintiffs on any amended complaint will be largely inconsequential to Cynosure. The renewed claims these plaintiffs would bring would largely mirror the claims that have already been brought, as state law consumer fraud claims tend to have similar, if not identical elements. And, likewise, the discovery Cynosure has already taken of these plaintiffs will not need to be duplicated, at least in any meaningful way. So these plaintiffs can be folded into an amended consolidated complaint as individual litigants with the majority of the discovery and work having already been completed. However, denying these plaintiffs the opportunity to move for leave to amend would result in great prejudice to the plaintiffs.

Finally, modifying the order to a dismissal without prejudice would be appropriate, particularly given the unique posture of the litigation. The *Plastic Surgery Associates* plaintiffs volunteered to serve as class representatives, spearheading the litigation against Cynosure. Each litigant has had to sit for several depositions and produce voluminous document discovery—including patient records, emails, personal text messages, social media accounts, and marketing materials. And while their efforts may not have led to class certification, their efforts still stand to benefit a large number of individual litigants. Yet, having laid that groundwork for others, these plaintiffs also stand to lose their own individual claims. Such a result would not only be ironic, it would be unjust. And Rules 59(e) and 60(b) exist to correct such injustices.

---

[20] Currently, plaintiffs' counsel estimates filing approximately 50-75 individual lawsuits.

## III.    CONCLUSION

For these reasons, plaintiffs' motion should be granted, and this Court's order entering summary judgment in favor of defendant Cynosure should be clarified to permit plaintiffs to file for leave to amend their complaint to add causes of action under their respective state laws.

Dated: September 4, 2019

Respectfully Submitted,

By: /s/ Jason A. Zweig

Jason A. Zweig
Daniel J. Kurowski
Mark T. Vazquez
HAGENS BERMAN SOBOL SHAPIRO LLP
455 Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
E-mail: jasonz@hbsslaw.com
E-mail: dank@hbsslaw.com
E-mail: markv@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-mail: steve@hbsslaw.com

Lauren Guth Barnes (BBO# 663819)
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
E-mail: lauren@hbsslaw.com

*Attorneys for Plaintiffs, Individually and on Behalf of All
Others Similarly Situated*

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), the undersigned counsel certifies that counsel for Plaintiffs conferred with counsel for Defendant in a good-faith attempt to resolve or narrow the issues presented in this motion.

/s/ Jason A. Zweig
Jason A. Zweig

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the attorneys of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Jason A. Zweig
Jason A. Zweig

010674-11/1185567 V3